IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HENRY R. LUCERO,**

      **Plaintiff,**

vs.                                                                         **No.  07cv0983 DJS/RHS**

**THE BOARD OF REGENTS OF THE
UNIVERSITY OF CALIFORNIA, AND
PAMELA TIMMERMAN, AA3 GROUP
LEADER, LYLE BAWDEN AA3 PROJECT
LEADER AND JOHN AND JANE DOES IN
THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Tort Claims, Constitutional Claims and Claims for Punitive Damages Based on Qualified Immunity and Other Grounds **[Doc. No. 4]** filed on October 4, 2007, and fully briefed on November 8, 2007. Defendants seek dismissal of Plaintiff's claims for intentional infliction of emotional distress, prima facie tort, punitive damages and civil rights violations under §1983.

### I.  Standard of Review[1]

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "admits all well-pleaded facts in the complaint as distinguished from conclusory allegations," *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir.1976), and all reasonable inferences must be resolved in the

---

[1] In his response to Defendants' motion to dismiss, Plaintiff erroneously set forth the standard of review for a motion for summary judgment.

plaintiff's favor. *Bauchman v. West High Sch.*, 132 F.3d 542, 550 (10th Cir.1997) (citations omitted). In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Liebson v. New Mexico Corrections Dep't*, 73 F.3d 274, 275 (10th Cir. 1996). The court may dismiss only if it is clear that plaintiff cannot prove any facts entitling him to relief, or that the court could not grant relief under any set of facts plaintiff could prove consistent with his allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Buckley Constr., Inc. v. Shawnee Civic & Cultural Dev. Auth.*, 933 F.2d 853, 855 (10th Cir. 1991).

## II.  Factual Background

Plaintiff, who is Hispanic, began working for Defendant Board of Regents of the University of California (Board of Regents) on January 12, 1976. Compl. ¶1. Plaintiff worked as an accountant for the General Accounting Group, AO-3. *Id.* Defendant Board of Regents was at all times relevant a legal entity of the State of California. *Id.* ¶2. Defendant Board of Regents operated Los Alamos National Laboratory through its officials, agents, group leaders, project leaders, division leaders and directors. *Id.* ¶3.

Since 1984, Plaintiff had a classification of SSM-3. *Id.* ¶6. In 1994, Plaintiff's job description was changed and his classification downgraded to SSM-2. *Id.* This change in classification affected Plaintiff's future wages and benefits. *Id.* In 2005, Plaintiff was denied a cost of living raise. *Id.* ¶8. Plaintiff's supervisor(s) assigned Plaintiff a heavier workload and assigned him to special projects. *Id.* ¶10. Plaintiff's supervisor(s) criticized Plaintiff for not providing perfect work on assigned job duties. *Id.* Plaintiff applied for many jobs and was not

selected due to Defendant Board of Regents's unfair selection practices and procedures which violated his constitutional rights.  *Id.* ¶9.

### III.  Discussion

**A.  Section 1983 Claim**

Defendant Board of Regents and the individual defendants, Timmerman and Bawden, contend Plaintiff's claim of civil rights violations under 42 U.S.C. §1983 against them fails because "state instrumentalities and state officials sued in their official capacity are not 'persons' subject to liability within the meaning of §1983."  Defs.' Mem. in Supp. of Mot. to Dismiss at 8.

In *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), the Supreme Court held that neither a State nor its officials acting in their official capacities are "persons" under § 1983.  The Supreme Court's holding applied only to States or governmental entities that are considered "arms of the State" for Eleventh Amendment purposes.  *Id*. at 70.  And, in *Mascheroni v. Board of Regents of Univ. of Cal.,* 28 F.3d 1554 (10th Cir. 1994), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 117, & n. 11 (2002), the Tenth Circuit concluded the Board of Regents of the University of California, as an "arm of California," is "clothed with Eleventh Amendment immunity."  *Id*. at 1559.   Thus, Defendant Board of Regents is not considered a "person" under §1983.

However, the Supreme Court also found that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'"  *Will v. Michigan Dep't of State Police*, 491 U.S. at 71 n.10.  In this case, Plaintiff seeks declaratory and injunctive relief as to his claim under the Equal Pay Act but not as to his claim of civil rights violations under §1983.

*See* Pl.'s Compl. for Breach of Employment Contract; Declaratory and Injunctive Relief for Violation of the Equal Pay Act; Violation [of ] 42 U.S.C. Section 1983; Intentional Infliction of Emotional Distress; and Prima Facie Tort.  In addition, Plaintiff failed to address this issue in his response.  Accordingly, Plaintiff's claim of civil rights violations under §1983 against Defendant Board of Regents and the individual defendants in their official capacity is dismissed.

Next, Defendants Timmerman and Bawden have raised the affirmative defense of qualified immunity which protects governmental officials from damages in civil rights actions.  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Gross v. Pirtle,* 245 F.3d 1151, 1155 (10th Cir. 2001).  Moreover, the protection of qualified immunity gives officials "a right not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)(quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)).

Once a defendant raises the defense of qualified immunity, the plaintiff initially bears a heavy two-part burden. *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir.1995).  The plaintiff must first demonstrate the defendant's actions violated a constitutional or statutory right and then must show the constitutional or statutory rights the defendant violated were clearly established at the time of the conduct at issue.  *Id.*  "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If, on the other hand, a violation has been shown, the plaintiff must then show that the constitutional right was clearly established.  *See id.*  In determining whether the right was clearly established,  "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that

right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The action alleged to have violated a right does not have to have previously been held unlawful, however, "in light of pre-existing law the unlawfulness must be apparent." *Id.*

The first question then is whether Plaintiff has alleged a violation of a constitutional right. The Court has carefully reviewed Plaintiff's Complaint and his response to Defendants' motion to dismiss and finds no facts to support Plaintiff's claim of civil rights violations under §1983 against the individual defendants. Plaintiff presented no evidence suggesting any personal participation by Defendants Timmerman and Bawden in the events at issue, an essential element of a § 1983 claim against individual defendants. Plaintiff alleges his classification was downgraded in **1994**, but he failed to identify the individual(s) responsible for this action. Plaintiff next alleges that eleven years later, in **2005**, he was denied a cost of living raise. Again, Plaintiff failed to identify the individual(s) responsible for this action. Plaintiff also alleges he "applied for many jobs to acquire better pay and upward mobility and due to the unfair selection practices and procedures and was denied these in violation of his rights." This allegation is conclusory and not supported by any facts. Accordingly, Plaintiff's §1983 claim against Defendants Timmerman and Bawden, in their individual capacities, is dismissed.

## B.  State Tort Claims and Punitive Damages

As to Plaintiff's claims for intentional infliction of intentional distress, prima facie tort and punitive damages, Defendants contend "sovereign immunity" bars these claims. In support of their contention, Defendants cite to a state district judge's ruling in a case against the Regents of the University of California and its employees. *See* Defs.' Ex. A (September 25, 2007 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss by James a Hall, District

5

Judge, in *Lee v. Regents of Univ. of California*, Case No. D-0132-CV-200500063, State of New Mexico, County of Los Alamos, First Judicial District Court).  In that case, the state district judge dismissed with prejudice tort claims against the University of California and its employees on the basis that "defendants as a public entity and public employees are immune under California law and New Mexico would extend comity to accord immunity to defendants on these counts since to do so does not violate New Mexico public policy."  *See id.* at ¶2.  Therefore, Defendants argue that "Individual Defendants Timmerman and Bawden, as employees of an agency of the State of California, were 'public employees' for purposes of California and New Mexico statutes immunizing them from liability."  Defs.' Mem. in Supp. of Mot. to Dismiss at 3.

In *Sam v. Sam*, 2006-NMSC-022, 139 N.M. 474, 134 P.3d 761, the New Mexico Supreme Court, addressed an issue of first impression, whether a district court should extend immunity to a sister state as a matter of comity.  Specifically, the court addressed whether "the New Mexico courts should apply Arizona's statute of limitations or extend New Mexico's statute of limitations to an Arizona public employee based on the principles of comity."  *Sam,* 2006-NMSC-022, ¶ 20, 139 N.M. 474, 134 P.3d 761.  In reaching its decision to extend a **limited** grant of immunity to Arizona, the court discussed the principles behind comity and what "factors a New Mexico court should consider to determine if comity should be extended."  *Sam,* 2006-NMSC-022, ¶ 8, 139 N.M. 474, 134 P.3d 761.  These factors include: (1) whether the forum state would enjoy similar immunity under similar circumstances; (2) whether the state sued has or is likely to extend immunity to other states; (3) whether the forum state has a strong interest in litigating the case; and (4) whether extending immunity would prevent forum shopping.  *Sam,* 2006-NMSC-022, ¶ 22, 139 N.M. 474, 134 P.3d 761.

The Court notes that the state district judge in the *Lee* case makes no mention of these factors in his September 25, 2007 Order or that he otherwise analyzed the case under the principles of comity.  Moreover, it is not clear whether the state district judge's ruling has been appealed or will ultimately be appealed.  Accordingly, the Court will not grant Defendants' motion to dismiss Plaintiff's claims of intentional infliction of emotional distress, prima facie tort and punitive damages on this basis.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Tort Claims, Constitutional Claims and Claims for Punitive Damages Based on Qualified Immunity and Other Grounds is granted in part and denied in part.  Defendants' motion to dismiss Plaintiff's claim for civil rights violation under §1983 is **GRANTED.**  Defendants' motion to dismiss Plaintiff's claims for intentional infliction of emotional distress, prima facie tort and punitive damages is **Denied.**

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**