## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

HENRY R. LUCERO,

       Plaintiff,

vs.                        No.  07cv0983 DJS/RHS

THE BOARD OF REGENTS OF THE
UNIVERSITY OF CALIFORNIA, AND
PAMELA TIMMERMAN, AA3 GROUP
LEADER, LYLE BAWDEN AA3 PROJECT
LEADER AND JOHN AND JANE DOES IN
THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendant's Motion for Summary Judgment **[Doc. No. 59]**, filed on November 14, 2008, and fully briefed on December 19, 2008.[1]  Defendant Board of Regents of the University of California  moves the Court for summary judgment as to Plaintiff's remaining claims for (1) alleged violations under the  Equal Pay Act, (2) breach of contract, (3) intentional infliction of emotional distress and (4) prima facie tort.[2]  Having considered the motion, the parties' memoranda in support and in opposition, and the applicable law, the Court finds that Defendant's motion is well taken and will be **GRANTED.**

---

[1] The Court set forth the facts underlying Plaintiff's action in its March 4, 2008 Memorandum Opinion and Order.

[2] In its March 4, 2008 Memorandum Opinion and Order, the Court dismissed Plaintiff's claim for civil rights violations under §1983.

## II.  Standard of Review

The Court will grant summary judgment when there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[3]  FED.R.CIV.P.56(c).  The movant carries the burden of establishing there are no genuine issues of material fact, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1609 (1970), but may discharge its burden by showing there is an absence of evidence to support the non-movant's case, *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986).  Once the movant meets its burden, the burden shifts to the non-movant to demonstrate a genuine issue for trial on a material matter. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  In making its summary judgment determination, the court looks at the pleadings and documentary evidence in the light most favorable to the non-movant, *Deepwater Invs., v. Jackson Hole Ski Corp.* 938 F.2d 1105, 1110 (10th Cir. 1991), and the movant must show beyond a reasonable doubt it is entitled to summary judgment, *Hicks v. City of Watonga, Okla.*, 942 F.2d 737, 743 (10th Cir. 1991).

However, once the burden shifts to the non-movant, that party may not rest on its pleadings but must set forth specific facts showing there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.  *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553.  However, "the mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2509-10 (1986).  If the non-movant cannot make such a showing, after

---

[3] Plaintiff submitted a twenty-six (26) page affidavit (Doc. No. 62) that he incorporated by reference into his response brief.  However, Plaintiff's affidavit does not comply with Rule 56 of the Federal Rules of Civil Procedure and will be stricken.  FED.R.CIV.P.56.  Plaintiff's affidavit is replete with conclusory, unsubstantiated allegations, argument, statements of belief not supported by any evidence and hearsay.

adequate time for discovery, summary judgment is mandated.  *Celotex Corp.*, 477 U.S. at 322,

106 S.Ct. at 2552.  The Court will consider Defendant's motion for summary judgment in light of

these standards.

## III.  Discussion

### A.  Equal Pay Act Claim

The Equal Pay Act provides, in pertinent part:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: *Provided*, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee.

29 U.S.C. § 206(d)(1).  Thus, to establish a prima facie case, Plaintiff must show (1) he was

performing work which was "substantially equal" to that of female employees considering skills,

duties, supervision, effort, and responsibilities of the jobs; (2) the conditions where work was

performed were basically the same; and (3) female employees were paid more under the

circumstances.  *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1364 (10th Cir.1997).

Plaintiff failed to establish a prima facie case under the Equal Pay Act.  Defendant

presented evidence showing Plaintiff, an Auditor 3, Level 2, was the highest paid Auditor in his

AA-3 peer group from 2002 to February 2006.  *See* Def.'s Ex. A-1 (Timmerman Aff.),

Attachment 1 (chart showing salaries for auditors in Lucero's peer group from August 2001

3

through July 31, 2005 (when Plaintiff transferred to another division)); *see also* Def.'s Ex. B-1

(Lucero Dep. pgs 30-31).  Moreover, Plaintiff's peer group consisted of male and female

employees.  The evidence indicates the following: (1) from August 1, 2001 through July 31, 2002,

Plaintiff's salary was $72,100.00; (2) from August 1, 2002 to July 31, 2003, Plaintiff's salary was

$76,100.00; (3) from August 1, 2003 to July 31, 2004, Plaintiff's salary was $79,738.00; and (4)

from August 1, 2004 to July 31, 2005, Plaintiff's salary was $81,313.00.  Def.'s Ex. A-1.  No

salary for any auditor (male or female) is higher than Plaintiff's salary from August 2001 through

July 31, 2005.

      Plaintiff's contends that the "information concerning the allegation that Plaintiff was [the]

highest paid auditor is unproven and is in dispute," but, other than his conclusory statement, he

submitted no evidence to support his position.  Pl.'s Mem. Opp'n to Def.'s Mot.  Summ. J. at 4.

Accordingly, the Court will grant Defendant's motion for summary judgment as to Plaintiff's

Equal Pay Act claim.

## B.  State Law Claims

      "In cases involving state-law claims, a federal court applies the substantive law of the

state, but applies federal procedural law."  *Herrera v. Lufkin Industries*, 474 F.3d 675, 683 (10th

Cir. 2007).  Plaintiff alleges the following state-law claims in his Complaint: (1) breach of

contract; (2) intentional infliction of emotional distress; and (3) prima facie tort.

### 1.  Breach of Contract

      "The general rule in New Mexico is that an employment contract is for an indefinite period

and is terminable at the will of either party unless the contract is supported by consideration

beyond the performance of duties and payment of wages or there is an express contractual

provision stating otherwise." *Hartbarger v. Frank Paxton Co.*, 115 N.M. 665, 668, 857 P.2d 776, 780 (1993). Thus, "[a]n at-will employment relationship can be terminated by either party at any time for any reason or no reason, without liability." *Id.* There are two exceptions to this general rule: retaliatory discharge and implied employment contracts restricting the employer's power to terminate the employment. *Id.* Implied employment contracts have been upheld "where the facts showed that the employer either has made a direct or indirect reference that termination would be only for just cause or has established procedures for termination that include elements such as a probationary period, warnings for proscribed conduct, or procedures for employees to air grievances." *Id.* However, "[g]eneral policy statements of a non-promissory nature contained in an employee handbook are insufficient to create an implied contract." *Stieber v. Journal Publishing Co.*, 120 N.M. 270, 274, 901 P.2d 201, 205 (Ct.App. 1995).

Plaintiff contends that "[a]t all times material [he] had a valid employment contract." Pl.'s Mem. in Opp'n to Def.'s Mot. Summ. J. at 2. In his deposition, Plaintiff testified that the University of California did not keep its promises of equal employment opportunity, fair treatment and career advancement. Def.'s Mem. Supp. Mot. for Summ. J.; Ex. B-1, Lucero Dep., pg 10, Lines 5-10. Plaintiff asserts these "promises" were written in the "equal opportunity flier/poster on [Defendant's] bulletin boards." *Id.*, pg 12, Lines 3-5. Additionally, Plaintiff alleges Defendant violated "the covenants of fair dealings and good faith" and discriminated against him when Defendant failed to select him for various positions.

Defendant counters that its declarations that it is an equal opportunity employer are not enforceable promises. The Court agrees. The declarations found in Defendant's flier/poster do not establish an implied employment contract. Thus, "there is no contract of employment upon

which the law can impose the stated duty to exercise good faith and fair dealing." *Sanchez v. The New Mexican*, 106 N.M. 76, 78, 738 P.2d 1321, 1324 (1987).  Moreover, the declarations found in Defendant's equal opportunity flier/poster are "declaration[s] of Defendant's general approach to the subject matter discussed and is insufficient to form the basis for a suit for breach of contract."  *Stieber*, 120 N.M. at 274, 901 P.2d at  205 (internal citations and quotations omitted).  Accordingly, Defendant's motion for summary judgment as to this claim is granted.

### 2.  Intentional Infliction of Emotional Distress

To establish a claim of intentional infliction of emotional distress, the Plaintiff must prove the following elements: "(1) the conduct in question was extreme and outrageous; (2) the conduct of the defendant was intentional or in reckless disregard of the plaintiff; (3) the plaintiff's mental distress was extreme and severe; and (4) there is a causal connection between the defendant's conduct and the claimant's mental distress." *Hakkila v. Hakkila*, 112 N.M. 172, 182, 812 P.2d 1320, 1330 (Ct.App.1991).

As a threshold matter, the Court must determine as a matter of law whether the conduct at issue "reasonably may be regarded as so extreme and outrageous that it will permit recovery under the tort of intentional infliction of emotional distress." *Padwa v. Hadley*, 1999-NMCA-067, ¶ 9, 127 N.M. 416, 981 P.2d 1234.  Extreme and outrageous conduct is conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Stieber*, 120 N.M. at 274, 901 P.2d at 205 (internal citations omitted).  As a matter of law, Defendant's conduct in this case does not reach that level.  Accordingly, Defendant's motion for summary judgment is granted as to this claim.

6

### 3. Prima Facie Tort

The elements of prima facie tort are: 1) an intentional and lawful act, 2) an intent to injure the plaintiff, 3) injury to the plaintiff as a result of the intentional act, and 4) the absence of justification for the injurious act. *Kitchell v. Public Serv. Co.*, 1998-NMSC-051, ¶ 15, 126 N.M. 525, 972 P.2d 344. Because Plaintiff failed to identify any act(s) of Defendant that was intentional and lawful and taken with an intent to injury him, Plaintiff's prima facie tort claim fails as a matter of law.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **Granted.** This action is dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**